# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NORMAN B. WORKMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0241** (BOR Appeal No. 2046270)
(Claim No. 2009085267)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Norman B. Workman, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Nathanial A. Kuratomi, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 30, 2012, in which the Board affirmed an August 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 18, 2009, decision granting a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Workman worked as a roof bolter for Rockhouse Creek Development, LLC. On February 19, 2009, he suffered an injury to his right knee when he was trying to push a three-wheeler mantrip. The claim was held compensable for sprain/strain of the knee/leg but not compensable for meniscus tear. The claims administrator granted a 0% permanent partial disability award. On September 11, 2009, Dr. Mukkamala concluded that Mr. Workman had an 8% whole person impairment for all injuries to the right knee but had previously received a permanent partial disability award of 2%. Ultimately, he rated Mr. Workman as having a 6% whole person impairment attributable to this injury. On April 19, 2010, Dr. Guberman recommended that Mr. Workman receive a 4% permanent partial disability award. On March 29,

2011, Dr. Short recommended that there was no additional impairment for the injury and subsequent surgery because of the prior 10% permanent partial disability award in Claim 940018101. On April 4, 2011, Dr. Bachwitt concluded that Mr. Workman had been fully compensated.

The Office of Judges affirmed the claims administrator's decision, and held that based upon the preponderance of the evidence, Mr. Workman failed to show that he is entitled to an additional award for the right knee injury in this claim since he received a prior 10% permanent partial disability award. On appeal, Mr. Workman disagrees and asserts that the Office of Judges erred in stating that none of the evaluators of record found Mr. Workman had an impairment greater than 10%. He further asserts that Dr. Guberman applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) and found that Mr. Workman had a 4% impairment attributable to this injury because the operation was necessary as a result of the compensable injury.

The Office of Judges concluded that a preponderance of the evidence does not support an additional permanent partial disability award because Dr. Guberman and Dr. Bachwitt found a 4% impairment for Mr. Workman's right knee, which has been fully compensated by the prior 10% permanent partial disability award for an injury in 1993. Dr. Guberman opined that Mr. Workman should receive an additional award of 4% in excess of the prior permanent partial disability award because the surgery was entirely necessary as a result of the injury in this claim. However, Dr. Guberman's recommendation is not supported by the evidence because none of the other evaluators found Mr. Workman's impairment greater than 10%. Dr. Short found no additional impairment based upon the knee injury and the subsequent surgery, and Dr. Bachwitt determined Mr. Workman had been fully compensated. The Office of Judges held that Mr. Workman was not entitled to an additional permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of January 30, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 18, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II